IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YURY GRENADYOR,

    Plaintiff,

v.

UKRAINIAN VILLAGE PHARMACY, INC., *et al.*,

    Defendants.

Case No. 09 C 7891

Judge Harry D. Leinenweber

# ORDER

Before the Court is Defendant Svitlana Kharlamova's Motion for Judgment on the Pleadings [ECF No. 418] pursuant to Fed. R. Civ. P. 12(c). For the reasons stated herein, the Court grants the Motion and dismisses Plaintiff's claims under the False Claims Act (the "FCA"), 31 U.S.C. § 3729 *et seq.*, and the Illinois Whistleblower Reward and Protection Act (the "IWRPA"), 740 ILCS 174/1 *et seq.*, against Defendant with prejudice.

# STATEMENT

The Plaintiff, Yury Grenadyor ("Grenadyor"), originally brought several claims, including claims for fraud and violations of the False Claims Act, against several Defendants, arising out of his employment with the Ukrainian Village Pharmacy. Grenadyor claims that while he was working as a pharmacist at Ukrainian Village Pharmacy, the pharmacy and its affiliates defrauded the government by, among other things, ignoring customers' copayment obligations and submitting requests for government reimbursement for orders it never filled. During the pendency of the litigation, Ukrainian

Village Pharmacy was bought out by the drugstore giant CVS, and Ukrainian Village Pharmacy thereafter ceased to exist as a corporate entity. Defendant Svitlana Kharlamova ("Kharlamova") had an ownership stake in the pharmacy and allegedly received some form of payout upon its dissolution.

This case's long and complicated history merits a brief aside about the current procedural posture. Grenadyor's original Complaint was filed in 2009. He has since amended three times, each time adding or subtracting various parties and claims. The Second Amended Complaint (the "SAC") was the first one subject to a motion to dismiss. The SAC included a claim for retaliation under the FCA and the IWRPA against several parties, including Kharlamova. The Court dismissed those claims for various legal deficiencies, with leave to re-plead them all. *See,* [ECF No. 267]. In other words, the dismissal was entirely without prejudice.

Next, Grenadyor filed his Third Amended Complaint (the "TAC"), in which he failed to re-allege any claim for retaliation, either under the FCA or state law. The Court dismissed the TAC with prejudice, *see,* [ECF No. 327], determining that it had provided Grenadyor ample opportunity to cure the ongoing defects in his pleadings. Grenadyor appealed the dismissal of his TAC to the Seventh Circuit. The record on appeal included the SAC in addition to the TAC; Grenadyor argued in his appellate brief that his retaliation claims from the SAC should be reinstated. The Seventh Circuit agreed, remanding only to reinstate a claim of retaliation against his employer. Although procedurally odd, the Seventh Circuit was following well-established precedent allowing consideration on appeal of claims dismissed without prejudice from a superseded complaint.

*See, Bastian v. Petren Resources Corp.,* 892 F.2d 680, 682-83 ("When a final decision is appealed, the appeal brings up all previous ruling of the district judge adverse to the appellant."). The upshot is, after the Seventh Circuit's remand, the only surviving claims in this case derive from the SAC [ECF No. 76] not the more recently filed TAC. Specifically, the Seventh Circuit reinstated the retaliation claim under the FCA, *see,* 31 U.S.C. § 3730(h), and left it to this Court's discretion whether to allow a similar claim for retaliation under Illinois law pursuant to the IWRPA, *see,* 740 ILCS 174/15.

Turning to the merits, the 2008 version of the FCA (the version of the statute in effect at the time of the events underlying this case) provided the following protection:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

31 U.S.C. § 3730(h) (2008). As the Court will explain shortly, the section has been amended since that time, but not in a way that has any relevant impact on this case. Kharlamova argues that she cannot be liable for retaliation under the FCA because the language does not cover conduct perpetrated by individual non-employers. She is correct.

Whether Kharlamova was Grenadyor's employer within the meaning of the FCA is a question of law. *See, Siewick v. Jamieson Sci. and Eng'g,* 322 F.3d 738, 740 (D.C. Cir. 2003). In *Siewick,* the D.C. Circuit construed the 2008 version of the FCA

(the version of the statute in effect during the underlying events in this case), and the court held that the individual owner of a corporation could not be held liable as an employer for purposes of an FCA retaliation claim. The Court wrote, "The corporation only is the employer of the corporation's employees . . . and corporate officers, even when they may seem to function as an employer, act only as agents on behalf of the corporation. . . . The principle applies with no less force when an individual has a significant ownership interest in the corporation and substantially controls its actions." *Id.* at 740 (internal citations omitted). This Court has agreed with that proposition. *Pollak v. Bd. of Trs. of the Univ. of Ill.,* 2004 WL 1470028, *3 (N.D. Ill. June 29, 2004) (holding that supervisors do not qualify as employers under the FCA and collecting cases).

Congress amended the FCA in 2009 to remove the reference to an "employer." The amended version would not apply to Grenadyor's claims, given that the alleged conduct occurred in 2008; however, even under the revised version of the statute, the claim against Kharlamova still fails. This Court has held previously that the 2009 amendment of the FCA did not open the door to non-employer individual liability for retaliation claims. *Perez-Garcia v. Dominick,* 2014 WL 903114, *5 (collecting cases). Although the Seventh Circuit has not addressed the issue, the Fifth Circuit recently agreed that the 2009 amendment to the FCA did not expand the scope of liability for retaliation in any material way. H*owell v. Town of Ball,* 827 F.3d 515, 529-30 (2016).

So the only question is whether Kharlamova was Grenadyor's employer. Predictably, the SAC refers to Grenadyor being

"employed at Defendant Ukrainian Village Pharmacy," see, SAC at ¶ 5, not employed by any individual such as Kharlamova, who simply held an ownership stake in the Ukrainian Village Pharmacy. It is unclear whether she supervised or even interacted with Grenadyor, not that such facts would change the outcome. Kharlamova cannot be held liable for Ukrainian Village Pharmacy's alleged retaliation under the FCA. The same goes for the retaliation claim under the IWRPA, which "is identical to the [FCA]" for all relevant purposes, such that courts will analyze claims under both statutes simultaneously. *Blaum v. Triad Isotopes, Inc.*, 104 F.Supp.3d 901, 912-13 (N.D. Ill. 2015).

It is telling that in his response to the Motion to Dismiss, Grenadyor does not address any of Kharlamova's arguments or cited case law. Instead, he stresses the fact that Kharlamova received assets from Ukrainian Village Pharmacy as a co-owner when the pharmacy dissolved after being purchased by CVS. Grenadyor cites a plethora of related authority to argue that he should be able to collect from her for the dissolved entity's liabilities. This is all irrelevant, because it fails to address why Kharlamova should be liable in the first place as an individual under the FCA or IWRPA. The retaliation claims against her are dismissed with prejudice.

One final matter before closing: the Court directs Grenadyor to show cause as to why his retaliation claims against another individual Defendant, Vasily Shevchuk ("Shevchuk"), should not be dismissed as well. The Court previously entered default judgment against Shevchuk after his failure to appear and contest the remaining claims against him, see, Order of Default at ECF No. 374. However, for the same reasons the

retaliation claims fail against Kharlamova, it would seem that they also fail against Shevchuk.  The Court is prepared to set aside its entry of default against Shevchuk for good cause pursuant to FED. R. CIV. P. 55(c), unless Grenadyor can meaningfully differentiate Shevchuk's position in this suit from Kharlamova's.

Kharlamova's Motion to Dismiss [ECF No. 418] is granted. The Court dismisses the remaining claims against her under the FCA and the IWRPA with prejudice.

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: December 15, 2016