IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YURY GRENADYOR, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09-CV-7891 |
| UKRAINIAN VILLAGE PHARMACY, INC., et. al., | ) Judge Harry D. Leinenweber |
| Defendants. | ) |

## **AFFIDAVIT OF EDUARD BOGACHEK**

STATE OF GEORGIA )
) ss:
COUNTY OF FULTON )

Personally appeared before the undersigned officer, duly authorized to administer oaths, Eduard Bogachek, who, being duly sworn, deposes and testifies as follows:

1.

My name is Eduard Bogachek. I am over twenty-one years of age, am suffering under no legal disability, and am legally competent to give this affidavit. I give this affidavit of my own free will and based upon my personal knowledge.

2.

All at times during Plaintiff's Yury Grenadyor's ("Grenadyor") employment with Ukrainian Village Pharmacy ("UVP") I was a twenty-five (25) percent owner of UVP.

3.

As an owner of UVP I was familiar with the operations and activities of the pharmacy. This includes, but is not limited to, its relationship with Grenadyor.

4.

At no point did I witness, or was I aware of, any activities on the part of UVP that were either or illegal.

5.

Furthermore, at no point, did Grenadyor raise any concerns of any illegal activity or—as he now refers to it a "scheme"—to my attention.

6.

Grenadyor was terminated from UVP because his work performance was poor and he refused to follow the directions of his direct superior, Svitlana Kharlamova.

7.

Grenyador's Second Amended Complaint alleges that Simon Dinkevich relayed Grenyador's concerns about "UVP fraudulent business practices" to myself and M. Bogachek. This is false, at no point Mr. Dinkevich relay and such concerns and nor do I have any reason to believe that Grenyador relayed any such concerns to Dinkevich.

FURTHER AFFIANT SAYETH NOT.

_____
Eduard Bogachek

Sworn to and subscribed
Before me this 28th day
of October, 2017.

_____
NOTARY PUBLIC