**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **YURY GRENADYOR,** | |
| Plaintiff, | Case No. 09 C 7891 |
| v. | Judge Harry D. Leinenweber |
| **UKRAINIAN VILLAGE PHARMACY, INC.,** | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated herein, Defendant's motion *in limine* (Dkt. No. 474) is granted in part and denied in part. Plaintiff's motion *in limine* (Dkt. No. 469) is granted in part and denied in part.

**I. Background**

Plaintiff Yury Grenadyor worked as a pharmacist at Defendant Ukrainian Village Pharmacy ("UVP") from 2006 until his termination on October 13, 2008. Grenadyor asserts that UVP fired him because he made internal complaints that UVP was engaging in conduct that constituted fraud against the Government. Specifically, this conduct included: (1) providing routine kickbacks to Medicare and Medicaid patients in the form of gifts, to induce them to choose UVP over other pharmacies; (2) routinely waiving the co-payments for Medicare and Medicaid customers, regardless of need, to further

induce patients to choose UVP over other pharmacies; and (3) failing to reverse charges from patients, including Medicare and Medicaid patients, when the patients did not pick up their prescriptions.

This case has a lengthy history that the Court need not recite here, as it is laid out in detail in prior opinions. *See U.S. ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 895 F. Supp. 2d 872 (N.D. Ill. 2012) (dismissing Plaintiff's Second Amended Complaint without prejudice); *United States v. Ukrainian Vill. Pharmacy, Inc.*, No. 09 C 7891, 2013 WL 5408573 (N.D. Ill. Sept. 26, 2013) (dismissing Plaintiff's Third Amended Complaint with prejudice); *U.S. ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102 (7th Cir. 2014) (affirming in part and reversing in part the Court's dismissal of Plaintiff's Third Amended Complaint, and remanding); *United States ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, No. 09 C 7891, 2018 WL 1535120 (N.D. Ill. Mar. 29, 2018) (denying Defendant's motion for summary judgment).

Suffice it to say, Plaintiff Yury Grenadyor filed this lawsuit as a *qui tam* action under the False Claims Act (FCA), 31 U.S.C. § 3729 *et seq.*, and the virtually identical Illinois False Claims Act (IFCA), 740 ILCS 175/4, on December 21, 2009. Grenadyor's only remaining claims are that UVP retaliated against him in violation

of the FCA and IFCA. The retaliation provisions in the two statutes are virtually identical and state:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee . . . in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

31 U.S.C. § 3730(h) (2008); 740 ILCS 175/4(g) (2008).

Plaintiff seeks back pay from the date of his firing through June 16, 2010, when UVP was sold to CVS Pharmacy, and other compensatory damages. Trial is set for Monday, March 18, 2019.

**II. Discussion**

This case now comes before the Court on eight Motions *in limine*. Federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Plaintiffs' Motions seek to exclude all mention and evidence of: (1) attorneys' fees, litigation costs, and a double back pay award under the FCA and IFCA; (2) two of Grenadyor's resumes; (3) the financial circumstances of Defendant or any person who may be ultimately liable for a judgment in this matter; (4) the Government's decision not to intervene in the underlying *qui tam* claims in this case; and (5) the Court's rulings on the underlying *qui tam* claims.

(Pl.'s Mot. in Limine, Dkt. No. 469.) Defendant's Motions *in limine* ask the Court to bar: (1) the Proffer of Andrey Solovyev; (2) any substantive evidence regarding the underlying *qui tam* claims in this action which are no longer pending; and (3) the Illinois Department of Employment Security letter that approves Grenadyor's unemployment benefits. (Def.'s Mot. in Limine, Dkt. No. 474.) The Court will first address the three Motions regarding the prior *qui tam* claims in this case (Plaintiff's fourth and fifth Motion, and Defendant's second Motion) and will then turn to the remaining miscellaneous Motions.

### A. Motions to Exclude *Qui Tam* References

Plaintiff and Defendant have each moved to exclude certain aspects of the prior *qui tam* claims that could hurt their case in the upcoming trial. Plaintiff wants to prohibit mention of the Government's decision not to intervene in the *qui tam* claims, and the fact that all of the *qui tam* claims were ultimately dismissed. Defendant seeks to exclude all substantive evidence regarding the *qui tam* claims.

The Court can reconcile the parties' positions and eliminate the need for confusing, irrelevant, and potentially prejudicial evidence, by prohibiting mention of the prior *qui tam* litigation altogether. The facts of the *qui tam* action are not relevant to Plaintiff or Defendant's case on the remaining retaliation claims.

A plaintiff may bring a retaliation action under the FCA without bringing a *qui tam* action. *Fanslow v. Chi. Mfg. Ctr., Inc.*, 384 F.3d 469, 479 (7th Cir. 2004). The elements of an FCA retaliation claim are: (1) the plaintiff acted in furtherance of an FCA enforcement action or other efforts to stop violations of the FCA, (2) the employer knew that plaintiff was engaged in protected conduct, and (3) the employer was motivated to take an adverse employment action against plaintiff because of the protected conduct. *Singer v. Progressive Care, SC*, 202 F. Supp. 3d 815, 828 (N.D. Ill. 2016).

An employee need not have actual knowledge of the FCA for his actions to be considered "protected conduct." *Fanslow*, 384 F.3d at 479. Rather, the relevant inquiry is of whether an employee's actions are protected under § 3730(h) is whether: (1) the employee in good faith believes, and (2) a reasonable employee in the same or similar circumstances might believe, that the employer is committing fraud against the government. *Id.* at 480 (citation omitted). Indeed, when considering Plaintiff's retaliation claims on appeal, the Seventh Circuit held that Grenadyor's "protected conduct" under the FCA was filing an internal complaint with UVP. *U.S. ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1108-09 (7th Cir. 2014) (finding that if UVP fired Grenadyor for "telling his superiors in the pharmacy that he was troubled by

the kickbacks and by other unlawful acts that he claims to have observed," that would constitute unlawful retaliation under the FCA). Therefore, for Plaintiff to make his case, he need only establish that he believed the activities he saw were fraud against the government, he complained about these actions, and was fired as a result. Thus, evidence of Plaintiff having filed and litigated other *qui tam* claims is not relevant to his retaliation claims.

Nor is evidence of the prior *qui tam* claims relevant to UVP's defense, which is that it fired Grenadyor for poor work performance and failure to follow instructions, not in retaliation. (Joint Pretrial Order at 3, Dkt. No. 468.) UVP need not make a "mini trial" out of the three types of FCA violations that Plaintiff alleges. It need only establish that Grenadyor was fired for reasons other than the fact that he complained about allegedly illegal activities. In this case, evidence of the prior *qui tam* claims is not relevant to the remaining claims. *See Paone v. Microsoft Corp.*, No. 07-CV-2973, 2013 WL 4048503, at *7 (E.D.N.Y. Aug. 9, 2013) (denying defendant's motion to introduce evidence that certain of plaintiff's claims were denied in an earlier summary judgment opinion by the court because "evidence of … dismissed or cancelled claims is not relevant to the remaining claims").

Furthermore, as both parties concede, explaining the legal significance of a *qui tam* action could be confusing to the jury, prejudicial, and very time consuming. *See Thompson v. Quorum Health Res., LLC*, No. 1:06-CV-168, 2010 WL 234801, at *2 (W.D. Ky. Jan. 13, 2010) (prohibiting any reference of a prior *qui tam* action against the defendant because it "may be highly prejudicial to [d]efendant and confusing to the jury").

Accordingly, the Court prohibits parties from mentioning or producing any evidence at trial that indicates there were prior *qui tam* claims in this case that have since been dismissed. This includes, but is not limited to, the fact that: Plaintiff filed *qui tam* claims against UVP, the Government did not prosecute the *qui tam* claims on Plaintiff's behalf, and all of Plaintiff's *qui tam* claims were dismissed. Thus, Plaintiff's fourth and fifth Motion *in limine* are granted. The Court notes that this ruling also has the effect of excluding at least one exhibit that Plaintiff seeks to introduce at trial, which Defendant did not mention in its Motions *in limine*: Plaintiff's Second Amended Complaint. (*See* Joint Pretrial Order at 7.) Parties shall notify the Court and opposing counsel prior to introducing any other evidence or questioning any witness in a manner that could implicate the prior, dismissed *qui tam* claims.

However, the Court denies Defendant's second motion *in limine*, which seeks to exclude "all substantive evidence regarding the *qui tam* claims," because Defendant fails to define exactly what evidence it believes falls in this category. Indeed, the one type of evidence UVP specifically mentions as being in this category — photographs of the caviar that UVP allegedly used to bribe customers — is relevant to Plaintiff's retaliation claim. The photos are relevant to Plaintiff's required showing that he believed UVP was engaging in fraud when he made his internal complaint. *See Fanslow*, 384 F.3d at 480. Thus, the photos are admissible. However, Plaintiff should note that when introducing these photos or any other evidence that may also have been at issue for the prior *qui tam* claims, he may not reference that litigation. If UVP believes there is other evidence "regarding" the *qui tam* claims that is inadmissible, UVP should make a renewed motion *in limine* that clarifies what that evidence is and why it is not relevant to Plaintiff's remaining retaliation claims.

If Plaintiff indeed intends to introduce other evidence that implicates the *qui tam* action (though that does not seem to be the case, based on the Plaintiff's submissions in the Joint Pretrial Order), and that evidence remains relevant to Plaintiff's retaliation claims, the Court will use limiting instructions to ameliorate any possible prejudice.

B.  **Other Motions *in Limine***

   **i. Plaintiff's motion to exclude any mention of the attorneys' fees, costs, and double back pay awards under the FCA and IFCA**

The FCA and IFCA both mandate that any relief awarded "shall include . . . 2 times the amount of back pay, and compensation for any special damages… including litigation costs and reasonable attorneys' fees." 31 U.S.C. § 3730(h)(2); 740 ILCS 175/4(g)(2). Plaintiff asserts that any discussion of mandatory relief would be irrelevant, confusing to the jury, and prejudicial to his case. *See* Fed. R. Evid. 401, 402, 403. This motion is unopposed.

The Court grants this motion. The fact that Plaintiff may recover a double backpay award, attorneys' fees, and litigation costs does not have any tendency to make it more or less probable that UVP unlawfully retaliated against Plaintiff. *See* Fed. R. Evid. 401; *Tallman v. Freedman Anselmo Lindberg, L.L.C.*, No. 11-3201, 2013 WL 2631754, at *2 (C.D. Ill. June 12, 2013). The Seventh Circuit has not ruled on this issue, but the Sixth Circuit has held that it is "clearly prejudicial to instruct a jury as to the potential for attorneys' fees when it is deciding the merits of the underlying § 1983 action." *Fisher v. City of Memphis*, 234 F.3d 312, 319 (6th Cir. 2000). Likewise, in this case, discussion of the mandatory statutory relief would be irrelevant and prejudicial to Plaintiff.

### ii. Plaintiff's motion to exclude two of Grenadyor's resumes

Plaintiff seeks to exclude two resumes that he used in his post-termination job search. (*See* Exs. A, B to Pl.'s Mot. in Limine.) Plaintiff acknowledges that the resumes contain two falsehoods: (1) both resumes list Grenadyor's date of employment as "04/06—" with no end date, indicating that he was still working at UVP when he no longer was; and (2) one resume uses a pseudonym for UVP: "Pharmatron Pharmacy." (*Id*.) Plaintiff claims that the resumes are irrelevant, prejudicial, and inadmissible character evidence (Fed. R. Evid. 401, 403, 404(b)). Defendant argues that the resumes are admissible under Rule 608(b), as they relate to character for truthfulness. Fed. R. Evid. 608(b). Furthermore, Defendant contends that the resumes are admissible as substantive evidence of Grenadyor's damages relating to his inability to find work after UVP. According to Defendant, the inaccuracies in the resumes are relevant as to why Grenadyor was unable to find work after UVP.

This motion is denied. The resumes cannot be introduced as extrinsic evidence, but they are admissible under Rule 608(b) because they relate to character for truthfulness. Thus, if Grenadyor testifies, the resumes can be used in cross-examination.

### iii. Plaintiff's motion to exclude any reference to the financial circumstances of Defendant or any person who may be ultimately liable for a judgment in this matter

This motion is unopposed, and the Court grants it. A defendant's finances are generally relevant to punitive damages only. *Kemezy v. Peters*, 79 F.3d 33, 36 (7th Cir. 1996); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[T]he ability of a defendant to pay the necessary damages injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result."); *Hillard v. City of Chicago, Ill.*, No. 09C2017, 2010 WL 1664941, at *4 (N.D. Ill. Apr. 23, 2010). Plaintiff is not seeking punitive damages. Therefore, the financial circumstances of the Defendant or any person who may be ultimately liable for a judgment in this matter are prejudicial to Plaintiff and irrelevant.

### iv. Defendant's motion to exclude the Proffer of Andrey Solovyev

The Proffer is a sworn statement in which Andrey Solovyev reports a conversation he had with Mikhail Bogachek, a former UVP owner. (Ex. A to Def.'s Mot. in Limine.) In the Proffer, Solovyev states that Bogachek discussed with him the model of operating a pharmacy by giving gifts of Russian ethnic foods and caviar to customers, and routinely waiving co-payments to solicit customers regardless of their ability to pay. UVP argues that the Proffer is inadmissible hearsay, as it is a statement that the declarant did

not make while testifying at trial, being offered in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801.

Plaintiff counters that he does not want to use the Proffer to prove that UVP engaged in illegal activities. Rather, he wants to use the Proffer to corroborate his own testimony about what he observed at UVP — to show how "unlikely" it is that "two people, one in Illinois and the other in Florida, would make up and report the same offending conduct." (Pl.'s Resp. to Def.'s Mot. in Limine at 3, Dkt. No. 482.) Alternatively, Plaintiff asks the Court to admit the Proffer under Rule 807 (the hearsay "residual exception").

This motion is granted. The Proffer must be excluded because it is intended to prove the truth of another person's testimony, in violation of Fed. R. Evid. 801 and 802. Nor is the Proffer admissible under Rule 807, which allows courts to admit hearsay if: (1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; (4) admitting it will best serve the purposes of these rules and the interests of justice; and (5) its proponent gives the adverse party reasonable notice of the intent to offer the

statement. Fed. R. Evid. 807. However, the Seventh Circuit has warned against the liberal admission of evidence under Rule 807. *United States v. Moore*, 824 F.3d 620, 624 (7th Cir. 2016). And the application of Rule 807 is not warranted in this instance, because Plaintiff intends to use the Proffer merely to bolster his own, identical allegations about the way UVP was run. Thus, the Proffer is not "more probative on the point for which it is offered than any other evidence that the proponent can obtain." Fed. R. Evid. 807(a)(3).

> **v. Defendant's motion to exclude the Illinois Department of Employment Security letter**

The Illinois Department of Employment Security letter ("Letter") informs Grenadyor that the agency approved his unemployment benefits. (*See* Ex. C to Def.'s Mot. in Limine.) The Letter states that UVP fired Grenadyor because "[UVP] did not have enough work for him to warrant his continued employment." (*Id.*) UVP argues that the Letter is inadmissible hearsay if it is to be used as evidence of the reason for Plaintiff's termination. Plaintiff asserts that it does not intend to introduce the Letter to prove the truth of the matter asserted therein (that UVP fired him because it did not have enough work for him). Rather, Plaintiff intends to introduce the Letter as evidence that UVP offered changing reasons for his termination. Plaintiff claims that UVP told IDES that the reason was not enough work, but UVP later

asserted other reasons for the firing, including poor performance. Indeed, UVP's defense in the upcoming trial is that Grenadyor was fired for poor work performance and failure to follow instructions. (Joint Pretrial Order at 3.)

This motion is denied. The contents of the Letter would be inadmissible hearsay if they were offered to prove the reason for Plaintiff's termination, but Plaintiff has assured the Court that he will use the Letter only to demonstrate UVP's shifting reasons for his termination. So long as Plaintiff uses the Letter for that purpose, it is admissible. An employer's shifting justification for firing a plaintiff can be admissible evidence in a retaliation case. *See Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 724 (7th Cir. 2018) (employer "dissembling," or disguising the true reasons for a firing, are probative of unlawful pretext for an adverse employment action); *Moore v. Principi*, No. 00 C 2975, 2002 WL 31767802, at *7 (N.D. Ill. Dec. 10, 2002) (finding an IDES benefits letter to be admissible because the employer's stated reason for termination was relevant to plaintiff's claim). The statement is non-hearsay because the mere fact that UVP gave that particular reason for Plaintiff's firing "has probative value without regard to its truth or falsity." *Northern Ind. Gun & Outdoor Shows, Inc. v. Hedman*, 111 F. Supp. 2d 1020, 1026 (N.D. Ind. 2000) (citing *Stewart v. Henderson*, 207 F.3d 374, 376 (7th Cir. 2000)).

### III. <u>CONCLUSION</u>

For the reasons stated herein, Defendant's motion *in limine* (Dkt. No. 474) is granted in part and denied in part. Plaintiff's motion *in limine* (Dkt. No. 469) is granted in part and denied in part.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 3/14/2019